# EXHIBIT C

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| PPI HOLDINGS, INC., et al.[1] ) | Case No. 08-13289 (KG) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | **Related to Docket No. ___** |
| ) | |
| ) | |

**ORDER APPROVING (A) BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (B) BID PROTECTIONS FOR A STALKING HORSE BIDDER, AND (C) NOTICES AND DEADLINES RELATED TO THE ASSUMPTION AND ASSIGNMENT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND THE DETERMINATION OF RELATED CURE AMOUNTS**

Upon consideration of the Debtors' Motion of Debtors for Entry of Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code: (A) Approving Bidding Procedures; (B) Scheduling an Auction; (C) Approving an Expense Reimbursement Fee for Bid Protection to a Stalking Horse Bidder; (D) Scheduling a Sale Hearing; (E) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (F) Approving the Debtors' Proposed Sale of Substantially all of their Assets (the "<u>Sale Motion</u>"),[2] and the Court finding that: (a) jurisdiction over this matter is proper; (b) venue is proper in this Court; (c) notice of the Sale Motion was sufficient under the circumstances; and (d) the relief requested in the Sale Motion is in the best interest of the Debtors and their estates; it is hereby

FOUND AND DETERMINED THAT:

---

[1] The Debtors in these proceedings are: PPI Holdings, Inc.; International Fineblanking Corporation; MPI International Holdings, Inc.; MPI International, Inc.; Michigan Fineblanking, Inc.; PPI Sub-Holdings, Inc.; Precision Parts International Services Corp.; Skill Tool & Die Corp.; Skill Tool & Die Holdings Corp.

[2] Capitalized terms not defined herein or in the Bidding Procedures shall have the meaning ascribed to them in the Sale Motion.

A. The Bidding Procedures, attached to this Order as <u>Exhibit 1</u>, are reasonable and appropriate and are designed to maximize the recovery received from the sale of the Purchased Assets.

B. The Sale Motion and the notices approved hereby provide adequate and timely notice of the Auction and sale of the Purchased Assets in accordance with Bankruptcy Rules 2002 and 6004, Local Rule 6004-1, and any applicable provisions of the Bankruptcy Code, in the circumstances of these cases.

C. The Sale Motion and this Order comply with the requirements of Local Rule 6004-1.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The Motion is GRANTED.

2. The Bidding Procedures, attached hereto as <u>Exhibit 1</u>, are approved in their entirety.

3. A hearing to consider the Sale Motion and entry of the Sale Order shall be held before the Honorable Kevin Gross, at the United States Bankruptcy Court for the District of Delaware located at 824 North Market Street, Wilmington, Delaware, on _____ at \_\_\_\_\_ \_.m., or as soon thereafter as counsel can be heard (the "<u>Sale Hearing</u>"). The Sale Hearing may be adjourned, from time to time, without further notice to creditors or parties in interest other than by announcement of the adjournment in open Court or on the Court's calendar on the date scheduled for the Sale Hearing.

4. Debtors will submit a proposed Sale Order by not later than January 30, 2009 (without prejudice to the Debtors' right to propose changes to such proposed Sale Order at the Sale Hearing).

5. Notice of the Motion shall be deemed good and sufficient if the Debtors serve, within 4 business days following entry of this Order, by first-class U.S. mail: a Notice substantially in the form attached hereto as Exhibit 3 (the "Sale Notice") and a conformed copy of the Procedures Order upon (i) all parties that executed confidentiality agreements in connection with the possible purchase of any of Assets; (ii) counsel to the Committee; (iii) counsel to the DIP Agent; (iv) counsel to the Prepetition Agent; (v) counsel to the Prepetition Mezzanine Lenders counsel for the Senior Lender; (vi) the Office of the United States Trustee for the District of Delaware; (vii) all entities known by the Debtors to have filed a notice of appearance or a request for receipt of chapter 11 notices and pleadings filed in the Debtors' cases as of the date hereof; (viii) all federal, state and local regulatory and taxing authorities and recording offices which have a known interest in the relief requested in this Motion; and (ix) all parties (and their counsel, if known) which hold liens on or security interests in any of the Assets.

6. The Debtors are authorized to publish a notice substantially in the form of the Sale Notice in *The Wall Street Journal* (or similar publication), within 7 business days following entry of this Order.

7. The Notice of Proposed Assumption and Assignment of Executory Contracts and Leases (the "Assumption and Assignment Notice"), attached hereto as Exhibit 2, is approved. The Debtors shall serve, by United States mail, an Assumption and Assignment Notice on counterparties to executory contracts or unexpired leases within two (2) business days

from the date this Order is entered. The Assumption and Assignment Notice shall provide the amount, if any, that the Debtors believe to be owed under each such executory contract or unexpired lease (the "Cure Amounts"). If the Debtors assume and assign an executory contract or unexpired lease pursuant to the Sale, and no timely objection is filed to the Cure Amount, the counterparty shall receive at closing (or as soon thereafter as is practicable) the Cure Amount as set forth in the Assumption and Assignment Notice, in full satisfaction of all Cure Amounts due or claimed due. The Debtors and successful bidder(s) at the auction shall have the burden of establishing that the requirements under sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code, as applicable, regarding adequate assurances of future performance are satisfied.

8. On or before January 30, 2009, the Debtors in their discretion may execute and file with the Court as a supplemental exhibit to the Sale Motion, subject to Court approval pursuant to the Sale Motion and on terms acceptable to the Debtors in the reasonable exercise of their business judgment, a fully-executed Asset Purchase Agreement for the sale of the Assets to a bidder (the "Stalking Horse Bidder") whom the Debtors reasonably determine, after consultation with GECC, the Committee and the Customers, to have the financial and other capabilities to consummate the transactions contemplated by the Sale Motion (a "Stalking Horse APA"). The Stalking Horse Bidder shall be deemed to be a Qualified Bidder for purposes of participation in the Auction, and the Stalking Horse Bid shall be a Qualified Bid for purposes of the Auction. In order to induce a Stalking Horse Bidder to execute a Stalking Horse APA, and provided that the Stalking Horse APA does not contain any due diligence or financing contingencies of any kind, the Debtors are authorized to provide bid protections to the Stalking Horse Bidder in the Stalking Horse APA in the form of an expense reimbursement fee of up to

$100,000 (the "Expense Reimbursement Fee"), to be paid at closing from the proceeds of the sale of the Assets to a competing bidder if the Assets are not sold to the Stalking Horse Bidder. The full Expense Reimbursement Fee shall constitute an allowed administrative expense claim in these cases without need for further application or order.

9.  The deadline to object to the relief requested in the Sale Motion, and the deadline for counterparties to executory contracts or unexpired leases to object to Cure Amounts or to the assumption and assignment of executory contracts or leases, is February ___, 2009 at 4:00 p.m (the "Objection Deadline"). Responses or objections, if any, to any of the relief requested in the Sale Motion, including the entry of the Sale Order, shall be served so as to be received by the Objection Deadline on the following: (a) counsel to the Debtors, Pepper Hamilton LLP, Attn: Robert S. Hertzberg, 100 Renaissance Center, Suite 3600, Detroit, MI 48243-1157 and Attn: David M. Fournier, Hercules Plaza - Suite 5100, 1313 Market Street, P.O. Box 1709 Wilmington, DE 19899-1709; (b) the Debtors, PPI Holdings, Inc., Attn: Roger Goldbaum, 2129 Austin Avenue, Rochester Hills, MI 48309; (c) the United States Trustee for the District of Delaware; (d) counsel to the Committee; (e) counsel to the DIP Agent; (f) counsel to the Prepetition Agent; and (g) counsel to the Prepetition Mezzanine Lenders.

10.  The Auction shall take place on February 10, 2009 at 10:00 a.m. (prevailing Eastern Time) at the offices of Pepper Hamilton, LLP at The New York Times Building, 37th Floor, 620 Eight Avenue, New York, NY 10018-1405 or such other time or other place as the Debtors shall notify all Qualified Bidders who have submitted Qualified Bids with respect to the Assets.

11.  The Auction will be conducted openly. Any creditor who wishes to attend the Auction may do so upon written request to be received no later than the Objection Deadline

by Pepper Hamilton, LLP, Attn: Robert S. Hertzberg, 100 Renaissance Center, Suite 3600, Detroit, MI 48243-1157 and Attn: David M. Fournier, Hercules Plaza - Suite 5100, 1313 Market Street, P.O. Box 1709 Wilmington, DE 19899-1709.

12. Bidding at the Auction shall be transcribed by a qualified court reporter.

13. The Debtors shall have the right to cancel the Auction and the Sale at any time, consistent with their fiduciary duties. The Debtors shall have no obligation to accept or submit for Court approval any bid and may impose such other or additional terms and conditions and/or may modify the Bidding Procedures as they determine to be in the best interests of the Debtors, their estates and creditors, after consultation with the Official Committee of Unsecured Creditors and General Electric Capital Corporation.

14. The Debtors are hereby authorized to take such steps and incur and pay such expenditures as may be necessary or appropriate to effectuate the terms of this Order.

15. This Order shall become effective immediately upon its entry.

16. This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

Dated: January __, 2009
      Wilmington, DE

 

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

#10422908 v4

**EXHIBIT 1**

**BIDDING PROCEDURES**

The following procedures (these "<u>Bidding Procedures</u>") shall govern the auction (the "<u>Auction</u>") for the sale (the "<u>Sale</u>") by PPI Holdings LLC ("<u>PPI</u>" and together with its affiliated debtors-in-possession in these jointly administered cases, the "<u>Debtors</u>") of the Assets (as that term is defined in the Motion of Debtors for Entry of Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code: (A) Approving Bidding Procedures; (B) Scheduling an Auction; (C) Approving an Expense Reimbursement Fee for Bid Protection to a Stalking Horse Bidder; (D) Scheduling a Sale Hearing; (E) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (F) Approving the Debtors' Proposed Sale of Substantially all of their Assets (the "<u>Sale Motion</u>"). Following the Auction, the Debtors will seek the entry of an Order approving the Sale of the Assets to the Qualified Bidder determined by the Debtors to have made the highest and best bid if such bid is determined by the Debtors, in their sole discretion, to provide a net benefit to the Debtors' estate no less than the amounts the Debtors estimate would be received upon an orderly liquidation value of the Assets (the "<u>Successful Bidder</u>").

These Bidding Procedures have been approved and authorized by an Order of the Honorable Kevin Gross, United States Bankruptcy Judge, entered on January __, 2009 (the "<u>Bidding Procedures Order</u>"). Pursuant to the Bidding Procedures Order, the Debtors have and hereby reserve the right to amend these Bidding Procedures as they determine to be in the best interests of the Debtors, their estates and creditors, after consultation with General Electric Capital Corporation ("<u>GECC</u>"), the Official Committee of Unsecured Creditors (the "<u>Creditors' Committee</u>"), General Motors Corporation ("<u>GM</u>"), Ford Company ("<u>Ford</u>") and Chrysler LLC ("<u>Chrysler</u>," and together with GM and Ford, the "<u>Customers</u>").

**A.** **<u>Assets to be Sold</u>**. The Debtors are offering to sell the Assets, together or separately, to one or more bidders. The Assets are as defined in, and described in greater detail in, the Sale Motion. All capitalized terms not otherwise defined in these Bidding Procedures have the meaning ascribed to them in the Sale Motion.

**B.** **<u>Notice</u>**. The Debtors have developed a list of parties whom the Debtors believe may potentially be interested in, and whom the Debtors reasonably believe would have the financial resources to consummate, a purchase of the Assets (each, individually, a "<u>Contact Party</u>," and collectively, the "<u>Contact Parties</u>"). Within two (2) business days after the entry of the Bidding Procedures Order, the Debtors will send notice of the proposed Sale, the process for obtaining diligence materials, the process for qualifying as a bidder, the due date for bids and the proposed time and date of the Auction to the Contact Parties and other parties in interest and prospects that have or may be identified as potential bidders for the Purchased Assets.

**C.** **<u>Data Room and Access to Information.</u>** Information relevant to the Assets for evaluation by Contact Parties, including certain books and records, material contracts and other financial and operational information for due diligence investigation, will be made available to Contact Parties who have executed an acceptable confidentiality agreement. Specific due diligence information will be provided after execution of such agreements.

1-1

**D.     Stalking Horse Bidder and Bid Protections**.  On or before January 30, 2008, the Debtors in their discretion may execute and file with the Court, as a supplemental exhibit to the Sale Motion, subject to Court approval pursuant to the Sale Motion, a fully-executed Asset Purchase Agreement for the sale of the Assets to a bidder (the "Stalking Horse Bidder") whom the Debtors reasonably determines, after consultation with GECC, the Committee and the Customers, to have the financial and other capabilities to consummate the transactions contemplated by the Sale Motion, on terms acceptable to the Debtors (a "Stalking Horse APA").  The Stalking Horse Bidder shall be deemed to be a Qualified Bidder for purposes of participation in the Auction, and the Stalking Horse Bid shall be deemed to be a Qualified Bid for purposes of the Auction.

**E**.     **Qualified Bidders**. To be eligible to participate in the Auction, a potential bidder must be a "Qualified Bidder".  A Qualified Bidder is a person or entity:

i.     who has delivered to Debtors an executed confidentiality agreement(s) in form and substance acceptable to Debtors;

ii.    who has delivered to Debtors on or before the Bid Deadline (as defined herein) a bid that meets the criteria for a Qualified Bid (as defined herein), accompanied by a cover letter from such person or entity stating that (i) the bidder is prepared to enter into and consummate the transactions in accordance with the terms of the Modified APA (as defined herein) submitted by the bidder, after approval by the Bankruptcy Court, (ii) the bidder's appearance at the Auction will constitute a waiver of any due diligence or financing contingencies of any kind contained in the Modified APA submitted by the bidder, and (iii) such bidder's offer is irrevocable until the date that is the earlier of twenty (20) days after the conclusion of the Sale Hearing with respect to the Assets or the closing of the Debtors' sale of the Assets to another purchaser.

iii.   who has delivered to the Debtors on or before the Bid Deadline such financial and other information as will allow the Debtors to make a reasonable determination as to the bidder's financial and other capabilities to consummate the transactions contemplated by the Modified APA, including, without limitation, financial and other information setting forth adequate assurance of future performance under section 365 of the Bankruptcy Code (if applicable), and evidence of debt and/or equity funding commitments or other financial resources readily available and sufficient in the aggregate to finance the purchase of the Assets, in a form requested by and reasonably satisfactory to the Debtors;

iv.    who possesses the financial capabilities, business plan and management structure to effect the acquisition of and operation of the Debtors' manufacturing plants in the reasonable business judgment of the respective Customer; and (b) would agree to assume the Customers' purchase orders with Debtors without modification, or on other terms acceptable in its absolute discretion to the respective Customer; and

v.     whose financial information and credit-quality support demonstrate a financial capability to consummate the purchase of the Assets and whom the Debtors in the good faith exercise of their business judgment determine is reasonably likely (based on availability of

1-2

financing, experience and other considerations) to be able to consummate a transaction if selected as the Successful Bidder

    **F.**  **Qualified Bids.**  Each bidder who is not the Stalking Horse Bidder must submit a binding written offer to purchase all or some of the Assets to the Debtors, with a copy to counsel to the Creditors' Committee, that satisfies each of the following conditions (a "Qualified Bid"):

    i.  the bidder must submit (a) a clean signed and binding asset purchase agreement substantially in the form of the Stalking Horse APA or, if no Stalking Horse APA has been filed by the Debtors, the Asset Purchase Agreement that is filed by the Debtors as a supplemental exhibit to the Sale Motion ("Modified APA"), and (b) a blacklined asset purchase agreement reflecting the differences between the Modified Asset Purchase Agreement and Stalking Horse APA or, if no Stalking Horse APA has been filed by the Debtors, the Asset Purchase Agreement that is filed by the Debtors as a supplemental exhibit to the Sale Motion;

    ii.  if a Stalking Horse APA has been filed, the bidder's offer must provide a purchase price for the Assets that exceeds the purchase price reflected in the Stalking Horse APA by at least six (6) percent (the "Initial Overbid Amount").

    iii.  the bidder's offer must provide that the entire purchase price will be paid in cash at closing;

    iv.  the bidder's offer must identify with particularity each executory contract and unexpired lease, the assumption and assignment of which is a condition to closing;

    v.  the bidder's offer shall not request or entitle the bidder to any transaction or break-up fee, expense reimbursement, or similar type of payment;

    vi.  the bidder's offer must fully disclose the identity of each entity that will be bidding for the Assets or otherwise participating in connection with such bid, and the complete terms of any such participation;

    vii.  the bidder's offer shall not contain any due diligence or financing contingencies of any kind that such bidder is not prepared to waive prior to the Auction;

    viii.  the bidder's offer must include evidence of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the Modified APA;

    ix.  the bidder's offer must be accompanied by a cash deposit equal to ten percent (10%) of the amount offered to purchase the Assets (the "Good Faith Deposit"); and

    x.  the bidder's offer must be accompanied by clean and blacklined versions of a form of Sale Order of which the bidder would request approval at the Sale Hearing. The blacklined copy shall show the differences between the proposed Sale Order filed by the Debtors (or, if a revised form of proposed Sale Order has been filed with the Stalking Horse APA, such revised proposed Sale Order) and the bidder's proposed Sale Order.

The Debtors, after consultation with GECC and the Creditors' Committee, shall make a determination regarding whether a bid is a Qualified Bid and shall notify bidders whether their bids have been determined to be Qualifying Bids by no later than 5:00 p.m. (prevailing Eastern time) on February 9, 2009. The Debtors reserve the right, however, in their discretion, to waive any of the foregoing requirements and to deem a bid as a Qualified Bid.

**G.** **Deadline for Submission of Bids**: All Qualified Bids must be submitted by no later than 4:00 p.m. (prevailing Eastern Time) on February 6, 2009 (the "Bid Deadline") to:

The Debtors:

PPI Holdings, Inc.
2129 Austin Avenue
Rochester Hills, MI 48309
Email:
Facsimile:
Attn: Michael Putz

Pepper Hamilton LLP
100 Renaissance Center, Suite 3600
Detroit, MI 48243-1157
Facsimile: 313—259-7926
Email: hertzbergr@pepperlaw.com
Attention: Robert S. Hertzberg, Esq.

Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19801
Email: fournierd@pepperlaw.com
Attention: David M. Fournier, Esq.

**Creditors' Committee:**

Stevens & Lee. P.A.
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Facsimile: 302-654-5181
Email: jhh@stevenslee.com
Attention: Joseph H. Huston, Jr., Esquire

**H**. **No Competing Qualified Bids**: If two (2) or more Qualified Bids are not submitted by the Bid Deadline, the Debtors shall not hold the Auction. The Debtors may, however, in their discretion, request at the Sale Hearing that the Court approve the Sale of the

1-4

Assets to a bidder that submits a Qualified Bid that the Debtors determine, after consultation with the Creditors' Committee and GECC, and in the reasonable exercise of their business judgment, to be acceptable.

      **I.**     **Auction:** If the Debtors timely receive at least two (2) Qualified Bids, the Debtors shall conduct an Auction with respect to the Assets, unless the Debtors, after consultation with the Creditors' Committee and GECC, determine in the reasonable exercise of their business judgment, that the Qualified Bids are inadequate and unacceptable and that cancelling the Auction, if held, would be in the best interest of the Debtors, the estates and creditors. The Auction will take place starting on February 10, 2008 at 10:00 a.m. The Auction will be conducted at the offices of Pepper Hamilton LLP, The New York Times Building, 37th Floor, 620 Eighth Avenue, New York, New York, 10018, or such other location as designated by the Debtors in a notice to all Qualified Bidders. The Auction shall be governed by the following procedures:

      i.     Qualified Bidders shall appear in person at the Auction, or through a duly authorized representative.

      ii.     Only Qualified Bidders shall be entitled to participate in the Auction and make subsequent bids at the Auction. GECC, the Creditors' Committee and the Customers each shall be permitted to attend the Auction.

      iii.     Each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale.

      iv.     Prior to the commencement of the Auction, the Debtors shall notify the Qualified Bidders of the amount of the highest bid, as determined by the Debtors (the "<u>Initial Highest Bid</u>").

      v.     At the Auction, Qualified Bidders will be permitted to increase their bids (such increased Qualified Bid, a "<u>Qualified Overbid</u>"), provided that each such Qualified Overbid shall exceed the value to the Debtors' estates of the next highest bid by at least $100,000.

      vi.     The Debtors, in their business judgment, based, in part, on the terms of the Qualified Bids received, the number of Qualified Bidders participating in the Auction, the Assets sought to be purchased in the Qualified Bids, and such other information as may be relevant, may conduct the Auction in the manner they determine will better promote the goals of the bidding process and will achieve the maximum value for the Assets. Prior to the start of the Auction, the Debtors will inform the Qualified Bidders participating in the Auction of the manner in which the Auction will be conducted.

      vi.     The Debtors may in their discretion entertain Qualified Bids and Qualified Overbids for less than all of the Assets.

      vi.     Each Qualified Bidder shall have the right to submit Qualified Overbids on any Assets, and to make additional modifications to its Modified APA at the Auction in connection therewith.

vii. The Auction will be conducted so that each Qualified Bidder will be informed of the terms of the previous bid.

viii. At the conclusion of the Auction, the Debtors, in consultation with their professionals, representatives of GECC and representatives of the Committee, shall review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the bidding process, including those factors affecting the speed and certainty of consummating the proposed sale, liabilities being assumed, and shall identify the highest or otherwise best offer(s) for the Assets (the "Successful Bid(s)" and the bidder(s) making such bid(s), the "Successful Bidder(s)"). In determining the highest or best offer for the Assets, the Debtors will compare one or more Qualified Bids or Qualified Overbids against the Qualified Bid or Qualified Overbid of any Stalking Horse Bidder. At the Sale Hearing, the Debtors shall present the Successful Bid(s) to the Bankruptcy Court for approval. The Debtors' presentation of the announced Successful Bid(s) to the Bankruptcy Court for approval does not constitute the Debtors' acceptance of such Successful Bid(s). The Debtors shall have accepted a Successful Bid only when the Bankruptcy Court has approved such bid.

ix. Immediately upon conclusion of the Auction, the Successful Bidder shall complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful Bid was made, and shall make and pay for any necessary filings with all applicable governmental or other authorities.

**J. The Sale Hearing.** The hearing to approve the Sale Motion (the "Sale Hearing") is presently scheduled to take place before the Honorable Kevin Gross, of the United States Bankruptcy Court for the District of Delaware at 824 North Market Street, 3rd Floor Wilmington, Delaware, 19801 Courtroom ___ at ____ __.m. (prevailing eastern time) on February ___, 2009. At the Sale Hearing, the Debtors will seek entry of an order, among other things, authorizing and approving the sale of the Assets to the Successful Bidder(s), as determined by the Debtors in accordance with the Bidding Procedures, pursuant to the terms and conditions set forth in the relevant asset purchase agreement submitted by the Successful Bidder(s). The Sale Hearing may be adjourned or rescheduled without notice other than by an announcement of the adjourned date at the Sale Hearing.

**K. Back-Up Bids.** If the Court declines to approve a Successful Bid at the Sale Hearing, the Sale Hearing may be adjourned and the next highest or otherwise best Qualified Bid or Qualified Overbid with respect to the Assets in such bid, if and as determined by the Debtors, shall be deemed to be the Successful Bid with respect to the Assets and presented at such Adjourned Sale Hearing for approval by the Court. If any Successful Bidder whose bid has been approved by the Court fails to consummate a sale because of a breach or failure to perform on the part of such Successful Bidder, the next highest or otherwise best Qualified Bid or Qualified Overbid with respect to the Assets in such bid, if and as determined by the Debtors, shall be deemed to be the Successful Bid with respect to the Assets and the Debtors may effectuate such sale without further order of the Bankruptcy Court. The Debtors shall retain all rights to Assets that are not subject to a bid accepted by the Debtors and approved by the Bankruptcy Court.

**L.     Return of Good Faith Deposit.**  The deposits of all Qualified Bidders shall be retained by the Debtors, and all Qualified Bids and all Qualified Overbids made at the Auction, will remain open and irrevocable, notwithstanding Bankruptcy Court approval of a sale pursuant to the terms of a Successful Bid, until the date that is the earlier of (the "Return Date") (i) the closing of the sale of the Assets or (ii) the 20th day after the conclusion of the Sale Hearing with respect to the sale of the Assets to the Successful Bidder.  On the Return Date, the Debtors shall return the deposits with accrued interest, if any, of all bidders who submitted bids in connection with the Assets (other than the Successful Bidders).  In addition to any other remedies available to the Debtors, the Debtors may retain the deposit of any Qualified Bidder who submits a Successful Bid who breaches or fails to perform any of its obligations pursuant to these Bidding Procedures or its Successful Bid.

**M.     Reservation of Rights.**  The Debtors reserve all rights to terminate the Bidding Process at any time if the Debtors determine, in their business judgment, that the Bidding Process will not maximize the value of the Debtors' bankruptcy estates, subject to payment of the Termination Fee.  In addition, the Debtors reserve all rights not to submit any bid that is not acceptable to the Debtors for approval to the Bankruptcy Court.  The Debtors shall further have the right to amend the rules set forth herein for the Bidding Process or impose such other terms and conditions for the Bidding Process which the Debtors determine, in their business judgment, is necessary for it to fulfill its fiduciary duties provided that such modifications are not inconsistent with any Bankruptcy Court order.  Without limiting the generality of the foregoing, the Debtors may reject at any time before entry of an order of the Bankruptcy Court approving a Qualified Bid, any bid that, in the Debtors' discretion, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or the Bidding Procedures, or (iii) contrary to the best interests of the Debtors, their estates and creditors.

#10422908 v4

# EXHIBIT 2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| PPI HOLDINGS, INC., et al.[1] ) | Case No. 08-13289 (KG) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | **Related to Docket No. ___** |
| ) | **Deadline to File Objections: 2/__/09 at 4:00 p.m. ET** |
| | **Sale Hearing: 2/__/08 at __:__ _.m.** |

## NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT
## OF EXECUTORY CONTRACTS AND LEASES

PLEASE TAKE NOTICE that, on January 9, 2009, the above-captioned debtors and debtors-in-possession (the "Debtors") filed Motion of Debtors for Entry of Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code: (A) Approving Bidding Procedures; (B) Scheduling an Auction; (C) Approving an Expense Reimbursement Fee for Bid Protection to a Stalking Horse Bidder; (D) Scheduling a Sale Hearing; (E) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (F) Approving the Debtors' Proposed Sale of Substantially all of their Assets (the "Motion"). The Motion proposes to offer for sale free and clear of liens, claims and encumbrances, through an auction process, substantially all of the Debtors' Assets.

PLEASE TAKE FURTHER NOTICE that, on January ___, 2009, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an Order (the "Bidding Procedures Order") approving (1) the Bidding Procedures governing the sale of the Debtors' assets described in the Motion and (ii) the procedures for the assumption and assignment of executory contracts and unexpired leases that might be assumed and assigned as part of the sale.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Bidding Procedures Order, the Debtors may seek to assume and assign an executory contract or lease to which you are a counterparty. Attached to this Notice as Exhibit A is a spreadsheet of the executory contracts and unexpired leases the Debtors may seek to assume and assign to one or more successful bidders (if any) of the Debtors' assets. The amounts shown on Exhibit A as the "Cure Amount" are the respective amounts the Debtors believe are due and owing to cure any existing defaults under each executory contract and unexpired lease, based on the Debtors' books and

---

[1] The Debtors in these proceedings are: PPI Holdings, Inc.; International Fineblanking Corporation; MPI International Holdings, Inc.; MPI International, Inc.; Michigan Fineblanking, Inc.; PPI Sub-Holdings, Inc.; Precision Parts International Services Corp.; Skill Tool & Die Corp.; Skill Tool & Die Holdings Corp.

2-1

#10422908 v4

records. Nothing in the Sale Motion or this notice requires the Debtors to assume and assign your contract as part of any sale. Instead, the Debtors are offering to prospective bidders the possibility of assuming and assigning contracts and leases included in Exhibit A as part of a proposed sale, if so requested by any bidders.

PLEASE TAKE FURTHER NOTICE that, if you disagree with the Cure Amount shown on Exhibit A, or otherwise object to the relief requested in the Motion, you must file a written objection with the Bankruptcy Court, on or before February ____, 2008 at 4:00 p.m. (prevailing Eastern time). Any objection to a Cure Amount must state the specific defaults alleged by you, as well as the amount you allege is necessary to cure the default. If you do not file a timely objection to the Cure Amount, and your executory contract or lease is assumed and assigned, you will receive the Cure Amount listed on Exhibit A on the closing date, or as soon as practicable thereafter. The Debtors will be relieved of all liability arising out of the assumption and assigned of the Assumed Contracts pursuant to section 365(k) of the United States Bankruptcy Code (the "Bankruptcy Code"). ANY COUNTERPARTY THAT DOES NOT TIMELY OBJECT TO THE CURE AMOUNT LISTED ON EXHIBIT A SHALL BE DEEMED TO CONSENT TO THE CURE AMOUNT LISTED ON EXHIBIT A.

PLEASE TAKE FURTHER NOTICE that the hearing on approval of the sale to the successful bidder (the "Sale Hearing") is scheduled to be held on February __, 2009 at ____ _.m. (prevailing Eastern time). The successful bidder(s) and the Debtors will have the burden at the Sale Hearing of satisfying the requirements of sections 365(b) and 365(C)(2) of the Bankruptcy Code regarding adequate assurances of future performance.

PLEASE TAKE FURTHER NOTICE that nothing in this Notice requires the Debtors to assume and assign your executory contract or unexpired lease, and any proposed assumption and assignment of any executory contract or lease will only be proposed by the Debtors in connection with the Sale Motion if the Debtors receive an acceptable bid for the Assets that requires such assumption and assignment.

PLEASE TAKE FURTHER NOTICE that any objections to the Cure Amount or other relief requested in the Motion shall be filed with the Bankruptcy Court and served upon undersigned counsel to the Debtors so it is received on or before February ____, 2008 at 4:00 p.m. (prevailing Eastern time).

PLEASE TAKE FURTHER NOTICE that if you do not file a timely objection to the Motion or Cure Amount, the Bankruptcy Court may grant the relief requested in the Motion without further notice.

Dated: January ____, 2009                **PEPPER HAMILTON LLP**

_____
David M. Fournier (DE No. 2812)
Leigh-Anne M. Raport (DE No. 5055)
Hercules Plaza, Suite 5100
1313 Market Street

P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: 302.777.6500
Facsimile: 302.421.8390
fournied@pepperlaw.com
raportl@pepperlaw.com

- and-

Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap (P68258)
100 Renaissance Center, Suite 3600
Detroit, MI 48243-1157
Telephone: 313.259.7110
Facsimile: 313.259.7926
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

*Counsel for the Debtors*

**EXHIBIT 3**
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PPI HOLDINGS, INC., et al.,[1] | ) | Case No. 08-13289 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) ) ) | |

## NOTICE OF SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. In accordance with the Order Approving (A) Bidding Procedures in Connection with the Sale of Substantially all of the Debtors' Assets; (B) Bid-Protections for a Stalking Horse Bidder; and (C) Notices and Deadlines Related to Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and the Determination of Related Cure Amounts (the "Bidding Procedures Order") entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on January __, 2009, the above-captioned debtors and debtors in possession (collectively, the "Debtors") are offering for sale all or substantially all of their assets. Capitalized terms used, but not otherwise defined, herein shall have the meanings given to them in the Bidding Procedures Order.

2. [The Debtors have entered into that certain Stalking Horse APA with _____ (the "Stalking Horse Buyer") for the purchase of substantially all of the Debtors' the assets (the "Assets"), for the sum of $_____ and the assumption of certain executory contracts, unexpired leases, and other liabilities.]

3. All interested parties are invited to make offers to purchase the Assets in one or more transactions in accordance with terms and conditions approved pursuant to the Bidding Procedures Order (the "Bidding Procedures"). An auction (the "Auction") for the Assets will be held at the offices of Pepper Hamilton LLP, The New York Times Building, 37th Floor, 620 Eight Avenue, New York, NY 10018-1405 at 10:00 a.m. (prevailing Eastern time) on February 10, 2009 or such other time or other place as the Debtors shall notify all Qualified Bidders who have submitted Qualified Bids (as such terms are defined in the Bidding Procedures) for the Assets.

4. The Debtors will consider all Qualified Bids at the Auction. Participation at the Auction is subject to the Bidding Procedures and the Bidding Procedures Order. Any creditor

---

[1] The Debtors in these proceedings are: PPI Holdings, Inc.; International Fineblanking Corporation; MPI International Holdings, Inc.; MPI International, Inc.; Michigan Fineblanking, Inc.; PPI Sub-Holdings, Inc.; Precision Parts International Services Corp.; Skill Tool & Die Corp.; Skill Tool & Die Holdings Corp.

#10420354 v1

who wishes to attend the Auction may do so upon written request to be received no later than February __, 2009 at 4:00 p.m. (prevailing eastern time) by Pepper Hamilton LLP, Attn: Robert S. Hertzberg, 100 Renaissance Center, Suite 3600, Detroit, Michigan 48243 and Attn: David M. Fournier, Hercules Plaza, Suite 5100, 1313 Market Street, P.O. Box 1709, Wilmington, Delaware 19899-1709.

5. Copies of the Bidding Procedures Order, [the Stalking Horse APA,] and the Bidding Procedures may be obtained upon request made to the undersigned counsel at the address specified below, and are on file with the Clerk of the Bankruptcy Court for the District of Delaware, 824 North Market Street, Third Floor, Wilmington, Delaware 19801, where they are available for review between the hours of 9:00 a.m. and 4:30 p.m. (Eastern time). Copies are also available for review at the Bankruptcy Court's Web site at ***http://www.deb.uscourts.gov*** (a PACER account is required) and without charge at the Web site of the Debtors' administrative agent at ***http://www.kccllc.net/ppi***.

6. A hearing to approve the Proposed Sale (the "Sale Hearing") to the highest or otherwise best bidder will be held before the Honorable Kevin Gross at the United States Bankruptcy Court for the District of Delaware at 824 North Market Street, 6th Floor, Wilmington, Delaware, 19801, Courtroom No. 3, at __:__ __.m. (prevailing eastern time) on February __, 2009, or as soon thereafter as counsel can be heard.

7. This notice is qualified in its entirety by the Bidding Procedures Order.

Dated: January __, 2009                    **PEPPER HAMILTON LLP**

David M. Fournier (DE No. 2812)
Leigh-Anne M. Raport (DE No. 5055)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: 302.777.6500
Facsimile: 302.421.8390
fournied@pepperlaw.com
raportl@pepperlaw.com

- and-

Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap (P68258)
100 Renaissance Center, Suite 3600
Detroit, MI 48243-1157
Telephone: 313.259.7110
Facsimile: 313.259.7926
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

*Counsel for the Debtors*